IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO.: 3:10CV 541 WHB-LRA |
| REED PIERCE'S SPORTSMAN'S GRILLE LLC, d/b/a REED PIERCE'S Defendant. | ) ) ) ) ) | <u>JURY TRIAL DEMANDED</u> |

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964, as amended and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Melody McKinley, who was adversely affected by such practices.

As alleged with greater particularity in paragraphs seven (7) through fourteen (14) below, the Equal Employment Opportunity Commission ("the Commission") alleges that the Defendant, Reed Pierce's Sportsman's Grille LLC d/b/a Reed Pierce's ("Defendant"), discriminated against Melody McKinley, a former employee of Defendant's Byram, Mississippi facility, by terminating her employment because of pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Jackson Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (f)(3).

4. At all relevant times, the Defendant, Reed Pierce's Sportsman's Grille LLC d/b/a Reed Pierce's ("Reed Pierce" or "Defendant") has continuously been incorporated in the State of Mississippi, has continuously been doing business in the State of Mississippi and the City of Byram, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged

in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Melody McKinley ("McKinley") filed a charge with the Commission alleging violations of Title VII by Defendant Reed Pierce. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or around March 7, 2009, Defendant Reed Pierce engaged in unlawful employment practices at its Byram, Mississippi facility, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a) by terminating Melody McKinley because she was pregnant.

8. Specifically, in or around November 2008, Melody Mckinley, employed by Reed Pierce as a waitress, first notified supervisors in the facility that she was pregnant.

9. After having an allergic reaction to prenatal vitamins in or around February 2009, McKinley requested to leave work due to illness. Her request was denied, despite the granting of similar requests by non-pregnant employees.

10. In early March, 2009, McKinley made a similar request for leave to attend a medical appointment. Again, Defendant denied the request despite granting similar leave requests to non-pregnant employees.

11. On or about March 7, 2009, Defendant advised McKinley that her employment was being terminated because her pregnancy was interfering with her ability to perform her job.

12. McKinley's insisted she could perform her duties, but Reed Pierce insisted on her termination. McKinley then requested to work lighter duties or fewer hours as an alternative to termination, but this request was denied by Reed Pierce.

13. Similarly situated non-pregnant employees were not terminated by Reed Pierce because of medical conditions or requests for leave. Non-pregnant employees were allowed to work lighter duties to accommodate medical issues.

14. At all relevant times McKinley was able to perform the essential functions of her position and was prevented from doing so only by Defendant's actions in terminating her employment.

15. The effect of the practices complained of in paragraphs seven (7) through fourteen (14) above has been to deprive Melody McKinley of equal employment opportunities because of her sex, female.

16. The unlawful employment practices complained of in seven (7) through fourteen (14) above were intentional.

17. The unlawful employment practices complained of in seven (7) through fourteen (14) above were done with malice and/or with reckless indifference to the federally protected rights of Melody McKinley.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Reed Pierce, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in sex discrimination or from discriminating on the basis of pregnancy.

B.  Order Defendant Reed Pierce to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and for pregnant employees and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Reed Pierce to make whole Melody McKinley by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant Reed Pierce to make whole Melody McKinley by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs seven (7) through fourteen (14) above, including any relocation and job search expenses in amounts to be determined at trial.

E.  Order Defendant Reed Pierce to make whole Melody McKinley, by

providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs seven (7) through fourteen (14) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Reed Pierce to pay Melody McKinley punitive damages for its malicious and reckless conduct described in paragraphs seven (7) through fourteen (14) above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        RESPECTFULLY SUBMITTED,

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        U. S. Equal Employment
        Opportunity Commission
        131 M Street, N.E.
        Washington, D.C.  20507

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

_____
JULIE BEAN
Supervisory Trial Attorney
D.C. Bar # 433292

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL  35205
(205) 212-2045
(205) 212-2041