IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. 3:10-cv-00541-WHB-LRA |
| vs. | ) ) |
| REED PIERCE'S SPORTSMAN'S GRILLE LLC, d/b/a REED PIERCE'S | ) ) ) |
| Defendant. | ) |

**PLAINTIFF EEOC'S RESPONSE IN OPPOSITION TO DEFENDANT'S
EMERGENCY MOTION TO STAY DISCOVERY**

Plaintiff Equal Employment Opportunity Commission submits the following response in opposition to Defendant's Motion to Stay Discovery.

### I.    PROCEDURAL BACKGROUND

This lawsuit alleges that Defendant Reed Pierce's Sportsman's Grille LLC d/b/a Reed Pierce's ("Reed Pierce") violated Title VII by terminating Melody McKinley's employment because she was pregnant. The Commission filed this case against Defendant on September 29, 2010, and filed an Amended Complaint on October 18, 2010.

Defendant's first response to the lawsuit was on or around November 29, 2010 when it notified the Commission that it wished to mediate the lawsuit. The Commission declined to proceed to formal mediation, but proposed an informal settlement conference. The Defendant agreed. The December 7, 2010 settlement conference was unsuccessful, with the Commission ultimately concluding that the Defendant's request to engage in settlement negotiations was not made in good faith.

In fact, on December 27, 2010, Defendant filed its Answer to the Amended Complaint. Defendant's Sixteenth and Seventeenth Defenses were asserted as follows:

> SIXTEENTH DEFENSE
> To the extent that Plaintiff and/or McKinley have not satisfied the statutory or regulatory conditions precedent to the claims contained in the Amended Complaint, it and/or she has failed to exhaust the administrative remedies and therefore those claims are barred.
>
> SEVENTEENTH DEFENSE
> To the extent that the Plaintiff did not conciliate as required by 42 U.S.C. 2000e-5(b) and 2000e-5(f)(I), the Amended Complaint should be stayed or dismissed given the facts of this case.

The sixteenth and seventeenth defenses center on events that occurred prior to the Commission's filing of its lawsuit. Moreover, the information and documents on which Defendant now relies to support its motion for summary judgment (and, concomitantly, its motion for a stay) were generated during these events pre-litigation and were in the Defendant's possession well before December 27, 2010.

On January 13, 2011, the Defendant demanded that the Commission voluntarily dismiss the lawsuit. [Exhibit A] In its letter, Defendant contended that the Commission had failed to investigate the case and refused to conciliate. It also improperly cited to the parties' December 7, 2010 settlement discussions to support its demand.[1] On January 24, 2011, the Commission declined, in writing, to dismiss the lawsuit. [Exhibit B] After the EEOC declined to voluntarily dismiss the lawsuit, the Defendant did not bring a dispositive motion or move to stay discovery, and the Commission pursued its case.

---

[1] The Defendant later claimed that the December 7, 2010 meeting was not a settlement meeting.

**A.     In Four Months Since Filing Its Answer, Defendant Did Not Bring a Dispositive Motion**

With discovery underway, the Commission requested as early as January 24, 2011 that Defendant propose dates for depositions in the months April or May. [Exhibit B]  Defendant responded on January 27, 2011 requesting that EEOC take depositions no earlier than May of 2011, due to the anticipated maternity leave of one of Defendant's attorneys. [Exhibit C] Defendant never indicated that it might file a dispositive motion or that depositions or other discovery should be postponed for any reason.

On February 7, 2011, after the parties' Rule 26(f) telephone conference, the Commission wrote to Defendant proposing specific depositions dates in early May 2011.   [Exhibit D] Defendant did not respond or object to the proposed deposition schedule. On February 25, 2011, the parties participated in a telephonic case management conference with Magistrate Judge Linda R. Anderson. During the case management conference, the attorneys for each party affirmed to the Court that they had discussed the cost of litigation with their respective clients.  During the case management conference, Defendant did not advise the Court of its intent to seek dismissal of this case.  To the contrary, during the conference, the Defendant took the opportunity to confirm that the Commission would produce the Charging Party for deposition without a subpoena. To date, Defendant has never served a notice of deposition for the Charging Party.

On February 28, 2011, the Commission served Defendant with deposition notices. Defendant still did not object to the taking of depositions.  Rather, Defendant requested available dates for taking Charging Party's deposition.  Defendant further indicated that it was interested in deposing the EEOC investigator assigned to the underlying charge. On March 1, 2011, the Commission served Defendant with written discovery.  On March 2, 2011, the Commission provided then-available dates for Charging Party's deposition but requested that Defendant

clarify its reasons for wanting to depose the investigator, stating that the EEOC investigator has no personal knowledge the facts at issue. [Exhibit E] Defendant never responded. To date, Defendant has never served a notice of deposition for any witness nor provided the Commission with an explanation for deposing EEOC staff.

On March 8, 2011, the Commission served initial disclosures. Defendant served initial disclosures on March 9, 2011. Between March 15, 2011 and April 4, 2011, the Commission repeatedly requested that Defendant correct deficiencies in its March 9, 2011 disclosures. [Exhibit F] On March 23, 2011, the Commission served amended deposition notices moving the depositions forward by one week. Again, upon service of the amended deposition notices, Defendant did not object to the taking of depositions or to the dates selected.

**B.     Defendant Has Previously Attempted to Block EEOC's Discovery For Other Reasons**

On March 28, 2011, Defendant wrote to the Commission regarding a purported dispute with the Commission's initial disclosures.[2] Defendant's March 28, 2011 correspondence stated: "Also, please be advised that any resistance to your obligation in providing complete disclosures may result in us having to delay the scheduled 30(b)(6) deposition of Reed Pierce's as well as that of its management team." [Exhibit G]. Defendant's suggestion that it may rely on EEOC's initial disclosures as a basis for blocking the EEOC from taking depositions was the first time that Defendant had indicated any objection to the EEOC's pursuit of discovery. On April 1, 2011, the Commission advised Defendant that Defendant's attempt to delay depositions was improper. The Commission noted that a dispute over the EEOC's initial disclosures was not a legitimate ground to refuse to produce witnesses. The Commission noted that nothing about the Commission's

---

[2] This issue and the merits of each party's position are detailed in the pending Defendant's Motion to Compel [ECF 22], Plaintiff's Response in Opposition [ECF 37] and Plaintiff's Motion to Strike [ECF 36] and incorporated herein by reference. The Commission contends that Defendant's original demand for disclosure production and its subsequent motion to compel are frivolous.

disclosures should affect the ability of mangers and owners to testify about matters they were personally involved in, or to testify generally about the company. The Commission confirmed it would proceed with depositions as scheduled.

On April 4, 2011, Defendant reiterated its intent not to produce witnesses for deposition. [Exhibit H] Defendant took the position that depositions could not go forward because Defendant felt, "It is not fair to demand their deposition testimony be given when we have not been provided even the most minimal information regarding the allegations in your Complaint." Defendant's attorney even suggested she might commit "malpractice" if she allowed the depositions to take place because she is "unable to adequately prepare them without the requested information." Ironically, Defendant did not serve written discovery on the EEOC until April 4, 2011 – the same day that Defendant claimed suddenly that its management would not be able to testify without more information about the allegations.

On April 5, 2011, the Commission advised Defendant that its reasons for delaying depositions were not legitimate. [Exhibit I] The Commission advised Defendant that Rule 26(d) of the Federal Rules of Civil Procedure expressly states that discovery by one party does not require another party to delay its discovery. The Commission noted that if Defendant wanted documents from the Commission prior to the depositions then Defendant should have served its discovery earlier than April 4, 2011. The Commission asked the Defendant to confirm its attendance or the Commission would move to compel.

On April 5, 2011, Defendant responded to the EEOC claiming that it did not know if it could move forward with the depositions. [Exhibit J] Defendant noted that the Commission's answers and responses were not due until two days prior to the start of EEOC's first deposition. Defendant asserted that, if it deemed the Commission's answers to Defendant's recently filed discovery to be incomplete, Defendant would block EEOC from taking depositions. Defendant

further claimed that if EEOC objected to Defendant's written discovery, Defendant would seek to delay the EEOC from taking depositions.

**C.     Each Party Has A Pending Motion for Summary Judgment**

On April 8, 2011, the Commission moved for partial summary judgment as to certain of Defendant's affirmative defenses, including its Sixteenth and Seventeenth Affirmative Defenses noted above, both of which relate to whether the issue of conciliation. [ECF 30, 31].  On April 12, 2011, Defendant filed its own Motion for Summary Judgment on the issue of conciliation.  Defendant's Memorandum in Support of Defendant's Motion for Summary Judgment makes reference to and anticipates arguments from the portions of Commission's Motion for Partial Summary Judgment.  [See ECF 31 at n. 1].  Defendant did not move to stay discovery at the time it filed its Motion for Summary Judgment.

**D.     After the Commission Refused to Delay Its Scheduled Depositions, Defendant Moved to Stay All Discovery**

On April 13, 2011, the Commission wrote to Defendant regarding its April 5, 2011 email claiming that Defendant would block EEOC from taking depositions if EEOC objected to written discovery. [Exhibit K] The Commission noted that Defendant's newly devised reason for postponing depositions was improper.  The Commission again advised Defendant that its position was in contravention with Fed. R. Civ. P. 26(d).  EEOC advised Defendant that it would proceed with the depositions and would seek relief from the Court if Defendant failed to produce the deponents in the absence of a court order.

On April 18, 2011, the Defendant filed an emergency motion to stay all discovery, citing its summary judgment motion.

## II.     STANDARD FOR GRANTING A MOTION TO STAY DISCOVERY

A motion to stay discovery may be granted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  The moving party bears the burden of showing good cause and reasonableness.  However, motions to stay "are not favored because when discovery is delayed or prolonged it can create case management problems which impeded the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." S.D. v. St. John's County School Dist., No. 3:09-cv-250, 2009 U.S. Dist. Lexis 97835 (M.D. Fla.  Oct. 1, 2009) (denying motion for stay).

"A request to stay discovery pending resolution of a motion is rarely appropriate where the resolution of the motion will not dispose of the entire case."   Id.  This Court has noted that pending motions for summary judgment are "no reason to stay discovery" and warned that "such a course of action is fraught with the dangers of further delay and confusion." Krebs v. Nationwide Mutual Ins. Co., No. 1:08cv133-LTS-RHW, 2008 U.S. Dist. Lexis 91259 (S.D. Miss. Nov. 6, 2008).  Similarly, other courts have noted that a motion to dismiss for failure to state a claim under Rule 12(b)(6) is also generally deemed an insufficient ground for staying discovery.  Tarazi v. Oshry, No. 2:10cv793, 2011 U.S. Dist. Lexis 39654 (S.D. Ohio April 12, 2011).

### III. ARGUMENT

**A.     Defendant Cannot Show Good Cause for Staying Discovery Because Defendant's Motion for Summary Judgment Will Not Dispose of the Case**

Defendant's motion for stay is premised on the Defendant's recently filed Motion for Summary Judgment.  The only issue for resolution in Defendant's Motion for Summary Judgment whether the Commission met the requirements of Title VII to conciliate the charge prior to filing the lawsuit on September 29, 2010.  Defendant's motions lack merit and, in any

case, will not dispose of the entire case, as would be required to show good cause for a motion to stay.

Defendant cites the Fifth Circuit decision in EEOC v. Agro Distribution, 555 F.3d 462, 468 (5th Cir. 2009) for the contention that dismissal is the appropriate sanction when the EEOC fails to conciliate prior to filing suit. Defendant's assertion is erroneous as this was not the holding of Agro Distribution. In fact, the Commission is unaware of any case in the Fifth Circuit where its case was dismissed for failure to conciliate. Indeed, that is not what occurred in Agro.

In Agro, the district court dismissed the case on the merits, and not based on failure to conciliate in good faith. As such, any discussion in *Agro* of the appropriate remedy for failure to conciliate in good faith would be *dictum.* Notably, Agro cites another Fifth Circuit case, EEOC v. Klingler Elec. Corp., 636 F.2d 104, 107 (5th Cir. 1981) for the proposition that dismissal could be an appropriate sanction for failure to conciliate in good faith. However, in Klingler, the Fifth Circuit held that dismissal was not proper:

> "Finally, we note that summary judgment is far too harsh a sanction to impose on the EEOC even if the court should ultimately find that conciliation efforts were prematurely aborted. The EEOC participated in negotiations for two years. In the absence of grossly arbitrary and unreasonable conduct or substantial prejudice to the defendant, that is enough evidence of the EEOC's good faith to make such a harsh remedy unnecessary.
>
> 636 F.2d at 107.

Accordingly, if the Court in ruling on the Defendant's Motion for Summary Judgment concludes that the Commission failed to conciliate as required by statute, the appropriate remedy in this Circuit is not a dismissal of the entire case, but a stay to permit further conciliation. Accordingly, Defendant cannot show good cause to stay discovery now.

**B. Defendant's Have Not Asserted an Urgent or Necessitous Matter**

Defendant filed this motion for stay as one of an emergency nature, expressly citing to Local Rule 7(b)(8).  The local rule provides:

> When the motion relates to an urgent or necessitous matter, counsel for the movant must contact the courtroom deputy, or other staff member designated by the judge, and arrange a definite time and place for the motion to be heard. In such cases, counsel for movant must file a written notice to all other parties of the time and place fixed by the court for the hearing and must serve all documents upon other parties. Upon receipt of the motion, the court in its discretion may direct counsel to submit memorandum briefs for the court's consideration. Unless a party files a motion for a protective order to limit the scope or quash the taking of a deposition within seven days of the date of the notice of deposition, the motion will not be considered urgent or necessitous.

Since filing its motion on April 18, 2011, Defendant does not appear to have followed the above procedure. Defendant's failure to do so is characteristic of its ongoing disregard for the rules of civil procedure.  As detailed in the Commission's Response to Defendant's Motion to Compel and Plaintiff's Motion to Strike, Defendant did not file its initial disclosures on time and, when it did so, they were not complete.  Defendant then created needless discovery disputes, in contravention of Rule 26(a). As detailed in Section I.B. above, before Defendant brought this motion for stay, Defendant attempted to stall discovery with two separate reasons for refusing to produce witnesses for deposition. Both of Defendant's reasons directly contravene the Federal Rules of Civil Procedure which provide that "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(2)(B).

In its motion and supporting memorandum, Defendant fails to identify any emergency. This is significant given that the local rule explains that a motion for protective order regarding a deposition is not urgent or necessitous if it is filed more than seven days prior to the date of the notice of deposition. Plaintiff has noticed depositions for May 11, 2011, May 12, 2011, and May

13, 2011 – three weeks from now.  In contrast, Defendant has not noticed any depositions since discovery began in February.  Defendant has already responded to Plaintiff's written discovery.[3] Defendant does not provide any good cause to believe that either party's motion for summary judgment would not be ruled upon between now and May 11, 2011 when the first deposition is scheduled.

**C. A Stay Is Not Warranted In the Middle of Discovery When Defendant Could Have Brought a Motion for Summary Judgment As Early as December 2010.**

Defendant's Motion for Summary Judgment seeks dismissal of the case on the issue of conciliation.  Nearly all of the exhibits that Defendant cited in support of its motion for summary judgment are documents that predate the litigation. Accordingly, this argument could have been made as early as December 27, 2010, when Defendant's Answer was due.  Defendant cannot in good faith suggest that a stay is needed to preserve resources when Defendant could have brought the motion four months ago and spent far less resources than it already has.

A stay is not practical in this matter. Defendant has served responses to Plaintiff's written discovery but Plaintiff will need to resolve the completeness of Defendant's answers pursuant to Rule 37.  Plaintiff is in the midst of responding to Defendant's written discovery propounded April 4, 2011.  Plaintiff has no desire to postpone its properly noticed depositions.  Defendant's past and now current attempt to postpone discovery strongly indicates that reaching an agreeable schedule later would prove difficult.  Moreover, Plaintiff's attorneys litigate matters across three states.  It is prejudicial to require Plaintiff's attorneys to shift their schedules in this or other matters simply because Defendant delayed in filing a motion for summary judgment.  A stay would needlessly impede the progress of this case. Defendant has previously attempted to delay depositions for improper reasons.  Defendant should not be permitted to manipulate discovery by

---

[3] Plaintiff does not concede that Defendant's answers are complete and reserves to right to bring a motion to compel when the parties have exhausted efforts to resolve any issues under Rule 37.

waiting months to file a motion for summary judgment, and then use that motion as a basis for staying depositions that Defendant had previously sought to delay for impermissible reasons.

## CONCLUSION

Defendant has failed to demonstrate good cause for its motion to stay discovery. Defendant has not identified an urgent or necessitous matter requiring emergency resolution of this or any other issue. A stay of discovery is not warranted when the parties are in the midst of discovery and there is no reason why Defendant could not have brought this motion earlier to avoid the costs it claims it would like to avoid now. Defendant's motion for stay should be denied.

Respectfully submitted this the 21st day of April 2011.

> C. EMANUEL SMITH (MS Bar # 7473)
> Regional Attorney
>
> JULIE BEAN (DC Bar #433292)
> Supervisory Trial Attorney
>
> /s/Ylda M. Kopka
> YLDA MARISOL KOPKA (IL Bar # 6286627)
> Trial Attorney
>
> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION, Birmingham District Office
> Ridge Park Place, Suite 2000
> 1130 22nd Street, South
> Birmingham, Alabama 35205
> Telephone: (205) 212-2062
> Facsimile: (205) 212-2041
> ylda.kopka@eeoc.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of April, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically send notification of the filing to all counsel of record.

/s/ Ylda Kopka<br>
Attorney for the EEOC