IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION            PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:10CV541-WHB-LRA

REED PIERCE'S SPORTSMAN'S GRILLE, LLC,
d/b/a REED PIERCE'S                                                DEFENDANT

## ORDER

THIS CAUSE came before the Court today by telephonic hearing on Plaintiff's Motion to Quash Deposition of EEOC Investigator, ECF No. 181, and Defendant's Emergency Cross-Motion to Compel, ECF No. 188.  After considering the pleadings, the applicable law, and the argument of counsel, the Court finds that the EEOC's motion to quash should be denied, except to the extent that no questioning which would require divulging privileged information shall be allowed; Defendant's motion to compel shall be granted, as limited by privilege.

The purpose stated by Defendant for conducting the deposition of EEOC investigator Kimberly Knighten is to seek only factual information related to McKinley's charge.  Knighten was the only person who investigated the charges made by McKinley.  Defendant seeks to question Ms. Knighten regarding the steps she took in conducting the investigation, the documents produced, any inconsistencies between the log and the documents, as well as other factual information, including the identity of persons having knowledge of the facts.  Defendant assures the Court that it does not intend to inquire about internal discussions with the EEOC about the determinations, nor does it plan to inquire about any discussions

Knighten may have had with legal counsel regarding the charge, investigation and/or determinations.

Defendant objects on various bases, including the claim that the deposition is unduly burdensome, unreasonably cumulative, and duplicative. The Court rejects these objections and finds that Defendant has the right to depose Ms. Knighten under the circumstances. Further, a short deposition is not unduly burdensome. The EEOC's primary objection is that it invokes the deliberative process privilege.

The deliberative process privilege protects documents or other communications that are predecisional and deliberative, prepared to "assist an agency decision maker in arriving at his decision." *Renegotiation Board v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975). This privilege does not protect purely factual or objective material. *EPA v. Mink*, 410 U.S. 73, 87-89 (1973); *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 881 (5th Cir. 1981). It is the EEOC's burden to establish that the testimony solicited from Ms. Knighten is privileged. *Hopkins v. United States Dep't of Housing and Urban Dev.*, 929 F.2d 81, 86 (2nd Cir. 1991). The Court finds that it has failed to meet this burden.

The EEOC is affirmatively seeking judicial relief in this case, and an ordinary plaintiff would certainly have to have to sit for a deposition and respond to the questioning. Therefore, in the interest of fairness and justice, the Court finds that the privilege should be utilized only when the information sought is clearly proven to be a part of the deliberative, decisionmaking process. *See Turner v. Kan. City S. Ry.,* 2009 WL 651766, *2 (E.D. La. March 11, 2009 (("...[P]rivileges do not shield facts....").

The Court concludes that the information sought by Defendant, all factual in nature, does not implicate EEOC's deliberative process. *See Little v. Auburn University*, 2010 WL 582083, *2 (M.D. Ala. 2010) (EEOC's motion to quash deposition denied); *Serrano v. Cintas Corp.*, 2007 WL 2688565, *2-3 (E.D. Mich. Sept. 10, 2007) (allowing 30(b)(6) deposition of EEOC).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Quash Deposition of EEOC Investigator, ECF No. 181, is DENIED, and Defendant's Emergency Cross-Motion to Compel, ECF No. 188, is GRANTED, subject to the limitations set forth herein.

SO ORDERED, this the 1st day of August, 2012.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE